UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMY AVILA; MEZIE ODUKA,

                     Plaintiffs,

        -against-

DANISHA DAVIS; LINDSEY M.
BLACKWELL; CITY OF NEW YORK; JANE
DOE; JOHN DOE; SYMONE ELIZABETH
SYLVESTER; 1412 COL LLC; BASICS, INC.;
JSAF MANAGEMENT LLC; BREAKING
GROUND; HARLEM YMCA; ANDREW
BRAIN BITTENS, ESQ.L BRONXWORKS;
OFFICE OF MENTAL HEALTH,

                     Defendants.

25-CV-3316 (PAE) (KHP)

ORDER

KATHARINE PARKER, United States Magistrate Judge:

        Plaintiffs Jimmy Avila and Mezie Oduka bring this action *pro se*. For the reasons set forth

below, the Court severs the claims brought by Mr. Oduka, and directs the Clerk of Court to open

Mr. Oduka's claims as a new civil action. Mr. Avila will remain the sole Plaintiff in this action.

                                **DISCUSSION**

        Under Rule 20(a) of the Federal Rules of Civil Procedure, multiple plaintiffs may join in

one action if (1) they assert any right to relief arising out of the same occurrence or series of

occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the

action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3

(S.D.N.Y. Aug. 9, 2013) (courts "look to the logical relationship between the claims and

determine 'whether the essential facts of the various claims are so logically connected that

considerations of judicial economy and fairness dictate that all the issues be resolved in one

lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Under Rule 21 of the Federal Rules of Civil Procedure, courts have the authority to sever claims, even without a finding that joinder of such claims was improper. Generally, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay," Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted), a court may sever a claim, *see Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met" (citation omitted)).

Here, the Court finds that joinder of the claims brought by Mr. Avila and Mr. Oduka is improper under Rule 20 and that severance is appropriate. Plaintiffs bring this action asserting that they were discriminated against on the basis of their disabilities with respect to their housing. While the complaint includes few factual allegations, the attachments to the complaints indicate that Mr. Avila and Mr. Oduka are asserting claims against two different landlords arising from events that occurred at two different residences, and that they have each experienced different circumstances that give rise to their claims. For example, Mr. Avila resides at 1412 College Avenue in the Bronx, and this property appears to be associated with Defendants 1412 Col LLC and Basic, Inc. Documents attached to the complaint indicate that Mr. Oduka's claims arise from his residence at an address on 135th Street in Manhattan that may be managed by the Harlem YMCA and Breaking Ground. Because the plaintiffs' claims do not arise out of the same events or series of events, and because their personal circumstances will involve difference questions of law and fact, the Court finds that their claims are improperly joined.

2

The Court also finds that severance of Mr. Oduka's claims is appropriate. Plaintiffs attached to the complaint an April 11, 2025 order issued by the Honorable Omer Shahid of the New York City Civil Court, Housing Part, County of Bronx, in an action that Mr. Avila filed in that court against 1412 Col LLC. In the order, Judge Shahid determined that Mr. Avila is "unable to effectively defend [his] right and protect [his] interests" with respect to that action, and appointed a guardian *ad litem* ("GAL") to represent Mr. Avila in that action.

Rule 17(c) of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c); *see also Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227, at *1 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The duty to consider whether Rule 17(c) applies arises if "a court were presented with evidence from an appropriate court of record . . . indicating that the party had been adjudicated incompetent." *Ferrelli*, 323 F.3d at 201.

The Court will need to inquire further into Mr. Avila's competency, and, if the Court determines Mr. Avila to be incompetent, attempt to locate a GAL and counsel to represent his interests in this litigation. Such an inquiry will unnecessarily delay the litigation of Mr. Oduka's claims.

Because Plaintiffs' claims involve a different series of events and different questions of law and fact, and because the inquiry into Mr. Avila's competence will cause delay it the adjudication of Mr. Oduka's claims, the Court severs the claims brought by Mr. Oduka. The Court directs the Clerk of Court to open a new civil action naming Mr. Oduka as the plaintiff and all active defendants in this action as defendants. Mr. Avila will continue as the sole plaintiff in

this action, No. 25-CV-3316.  The Clerk of the Court is respectfully directed to docket the

Complaint (ECF No. 1) and ECF Nos. 3, 5, 6, 22, 23, 62-68, and 71 to the new action.

## CONCLUSION

The Court severs the claims brought by Plaintiff Mezie Oduka from the claims brought

by Plaintiff Jimmy Avila. The Court directs the Clerk of Court to open a new civil action naming

Mr. Oduka as the plaintiff and all active defendants in this action as defendants. Mr. Avila will

proceed as the sole plaintiff in this action, No. 25-CV-3316.   The Clerk is respectfully requested

to mail a copy of this order to the Plaintiffs.

Under Judge Swain's order (ECF No. 6), prepayment of fees in the new action will be

waived under 28 U.S.C. § 1915.

SO ORDERED.

Dated:    August 18, 2025
          New York, New York

_Katharine H Parker_
_____