USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEZIE ODUKA,

                    Plaintiff,

-against-

DANISHA DAVIS, et al.,

                    Defendants.

25-CV-6875 (PAE) (KHP)

**ORDER GRANTING REQUEST FOR PRO BONO COUNSEL**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

At the October 15, 2025 Case Management Conference, Plaintiff requested that Pro Bono counsel be assigned to represent him for the purposes of navigating this matter, should pro bono counsel be available to do so. Upon the expected filing of Plaintiff's Amended Complaint on October 15, 2025, the Court set a briefing and discovery schedule. For the reasons stated below, Plaintiff's request for pro bono counsel to represent him during settlement negotiations and at the upcoming settlement conference is GRANTED.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). As courts do not

have funds to pay counsel in civil matters, they must grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

Before granting a request for appointment of pro bono counsel, the Court must be satisfied that the litigant is indigent and that the litigant's claim "seems likely to be of substance." *Hodge*, 802 F.2d at 60–61. If these threshold requirements are met, the court must next consider factors such as the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason case why appointment of counsel would be more likely to lead to a just determination. *Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted, and Plaintiff thus qualifies as indigent. (*See* ECF No. 5.) In the complaint, Plaintiff asserts a claim under the Fair Housing Act, the Americans with Disabilities Act, and the New York City Human Rights Law, which the Court finds is "of substance" for purposes of assigning pro bono counsel. It is also apparent from the Court's discussion with the parties at the Initial Case Management Conference that counsel would likely be of assistance to Plaintiff in reaching a just resolution to this action. It is anticipated that counsel will be able to assist Plaintiff in understanding his rights, valuing his claim, and communicating his factual and legal positions to the Court and opposing counsel. The appointment of pro bono counsel may lead to a just and efficient determination of this case.

## CONCLUSION

2

For the foregoing reasons, the Clerk of Court is respectfully directed to attempt to locate pro bono counsel to represent Plaintiff.

**The Clerk of the Court is respectfully directed to mail a copy of this order to the Plaintiff. Further, opposing counsel is respectfully asked to email a copy of this order to the Plaintiff to the address he has previously provided (worldgreen788@gmail.com).**

**SO ORDERED**.

Dated: October 15, 2025
New York, New York

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge