UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MEZIE ODUKA,

                              Plaintiff,

            -v-

DANISHA DAVIS *et al.*,

                              Defendants.

---

25 Civ. 6875 (PAE) (KHP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On August 19, 2025, plaintiff Mezie Oduka initiated this action against defendants under various state, city, and federal laws, including the Americans with Disabilities Act, the Fair Housing Act, the Racketeer Influenced and Corrupt Organizations Act, the New York State Human Rights Law, and the New York City Human Rights Law. Dkt. 1. Oduka claimed that, between 2016 and 2024, he experienced discrimination, retaliation, and harassment in connection with housing accommodations and social services provided by defendants. *See generally* Dkt. 41 ("Amended Complaint").

On November 12, 2025, a group of defendants moved to dismiss the Amended Complaint pursuant to the *Rooker-Feldman* doctrine and Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Dkt. 43. That same day, the remaining defendants moved to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6). Dkt. 45.

Before the Court is the May 7, 2026 Report and Recommendation of the Honorable Katharine H. Parker, United States Magistrate Judge. Dkt. 68 ("Report"). It recommends dismissal of the Amended Complaint on the ground that its claims are barred by the *Rooker-Feldman* doctrine because this suit is, in substance, an appeal from a 2024 judgment in New

York City Civil Court, which considered the same allegations brought here and dismissed Oduka's claims with prejudice. *Id.* at 8–11. The Report further recommends dismissal without leave to amend, because this jurisdictional defect cannot be cured through repleading. *Id.* at 20. Oduka has not objected or otherwise responded to the Report.

For the following reasons, the Court adopts the Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Parker's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to file . . . timely objections will result in a waiver of those objections for purposes of appeal," Report at 22, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court dismisses the Amended Complaint without leave to amend.

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 43 and 45, and close this case.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: June 1, 2026
New York, New York